UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADEN RUSFELDT,<br>             Plaintiff,<br><br>v.<br><br>CITY OF READING, CRISTIAN MORAR, CITY OF READING POLICE OFFICER BADGE NUMBER 160, READING SCHOOL DISTRICT,<br>             Defendants. | Civil Action No.<br><br><br>JURY TRIAL OF 12 DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Aden Rusfeldt, by and through undersigned counsel, who hereby submits this Complaint and states the following:

## PARTIES

1.     Plaintiff, Aden Rusfeldt ("Rusfeldt") is an adult residing in Pottstown, Montgomery County, Pennsylvania.

2.     Defendant, City of Reading ("Reading") is a city of the third class in Berks County, Pennsylvania, and governed under a home rule charter.

3.     Defendant, Cristian Morar ("Morar") is employed by the City of Reading as a police officer with its police department.

4.     Defendant, City of Reading Police Officer Badge Number 160 ("Police Officer Badge No. 160") is employed by the City of Reading as a police officer with its police department and

1

whose full, legal name is known to the City of Reading.

5. Defendant Reading School District ("Reading School District") is a school district of the second class and comprised of all lands that lie within the boundaries of the City of Reading.

## JURISDICTION AND VENUE

6. Rusfeldt brings these actions under 42 U.S.C. § 1983.

7. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331, because the claims arise under the laws of the United States.

8. Venue is properly brought in this District pursuant to 28 U.S.C § 1391(b)(1) and (b)(2) because Defendants are situated in this judicial district and because a substantial part of the acts, omissions, or both, occurred in this judicial district.

## GROUNDS

9. The foregoing paragraphs are incorporated by reference as if set forth herein.

10. Rusfeldt is the Pastor of Key of David Christian Center, a nondenominational church that expresses the religious tenets of evangelical, Protestant Christianity.

11. During the afternoon on or about Tuesday, January 10, 2023, Rusfeldt, his wife, and several other persons associated with them peacefully assembled for a demonstration on a public sidewalk in the City of Reading, specifically, at the northwest corner of North 13th Street and Douglass Street. At that location, they stood opposite the Reading Senior High School and at the approximate time that its students were dismissed.

12. During the foregoing demonstration, Rusfeldt's wife videorecorded the same.

13. During the foregoing demonstration, Rusfeldt and his wife and other demonstrators disseminated their religious viewpoints: Rusfeldt held a sign that stated in substance, "Stop Sinning," "Obey Jesus," and "Hellfire / ChristianInterviews.com," with various references from

the Bible. One of Rusfeldt's demonstrators held a sign which read, "Repent or Parish." Using a megaphone, Rusfeldt called out to students "to give your life to Jesus Christ, who died on the cross for your sins and rose from the dead. Jesus Christ has a plan for your life." Rusfeldt further called out, using the megaphone, that students need God if any of them were suicidal or depressed.

14. During the foregoing demonstration, a female student of Reading Senior High School crossed North 13th Street and threw water at Rusfeldt from a water bottle. As excitement grew among the students, they gathered on the east side of North 13th Street and some stood within a few feet away from Rusfeldt at the northwest corner of North 13th Street and Douglass Street. Some of those students, who were a few feet away from Rusfeldt, also threw water at him using a water bottle and others shouted, "Fuck you!," or flipped their middle finger.

15. During the foregoing demonstration, security guards employed by the Reading School District ordered Rusfeldt and his demonstrators to leave or else they would be arrested, intending to harass or humiliate, to violate the constitutional rights of, and to discriminate against the viewpoints of, Rusfeldt and his demonstrators.

16. When Rusfeldt refused such request, the same security guards, employed by the Reading School District, contacted the Police Department of the City of Reading and requested a pretextual basis for the arrest of Rusfeldt and his demonstrators.

17. The same security officers, employed by the Reading School District, held conversations with students but did nothing to protect Rusfeldt or his demonstrators.

18. Morar and Police Officer Badge No. 160 responded to the call from the Reading School District and arrived at the scene of the demonstration. Upon their arrival, several students disbursed or moved back from Rusfeldt and his demonstrators.

19. Rusfeldt informed Morar, Police Officer Badge No. 160, or both or either of them, that Rusfeldt and his demonstrators were exercising their First Amendment rights to speech and to practice religion, and Rusfeldt specifically asked Morar to contact Morar's supervisor for instruction in this context. Morar refused such requests.

20. Morar asked Rusfeldt to relocate the demonstration to "three, four, five blocks" away from the Reading Senior High School. When Rusfeldt answered that he would in "20, 30 minutes," Morar stated that he needed to do it now or else Rusfeldt would be arrested for "causing a disturbance, disorderly conduct." When Rusfeldt refused, Morar proceeded to put Plaintiff in handcuffs to the screaming cheers of the onlooking students.

21. Police Officer Badge No. 160 assisted Morar in handcuffing and taking Rusfeldt into physical custody the back of a police car.

22. Rusfeldt's wife asked Morar why her husband was arrested, and Morar responded, "he's been arrested because you guys almost got jumped."

23. After taking Rusfeldt to a police barracks for the Police Department of the City of Reading, Rusfeldt was released without any criminal charges.

24. On information and belief, it is the policy of the City of Reading, the Reading School District, or either of them, to use disorderly conduct as a pretextual arrest for retaliating against protected speech under the First Amendment of the U.S. Constitution.

25. On information and belief, is the policy of the City of Reading, the Reading School District, or either of them, to instigate, request, or engage in pretextual, warrantless arrests as a means of discriminating or retaliating against the viewpoints of expressed by adherents of evangelical, Protestant Christianity and the Fourth Amendment rights of such adherents.

26. Based on the foregoing, Reading School District, its security guards, or both, instigated

the arrest of Rusfeldt.

27.     Based on the foregoing, Morar, Police Officer Badge No. 160, and the security guards employed by the Reading School District acted within their official capacities.

28.     Based on the foregoing, Defendants' actions, singularly or combined, were so outrageous as to demonstrate as willful, wanton or reckless disregard for the rights of Plaintiff.

### COUNT ONE: VIOLATIONS OF CONSTITUTIONAL RIGHTS
### (42 U.S.C. § 1983)
Plaintiff v. All Defendants

Plaintiff v. Reading, Reading School District, Morar and Police Officer Badge No. 160

29.     The foregoing averments are repeated.

30.     Based on the foregoing, Defendants City of Reading, Morar, Police Officer Badge No. 160, Reading School District, or any of them, acted under color of state law.

31.     Based on the foregoing, the actions and omissions of the Defendants, or any of them, deprived Plaintiff of rights, privileges or immunities secured by the U.S. Constitution namely retaliation against freedom of speech and of religion under the First Amendment and arrest without probable cause in violation of the Fourth Amendment.

32.     Based on the foregoing, Plaintiff is entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff requests the court enter judgment in favor of Plaintiff and against Defendants City of Reading, Cristian Morar, Police Officer Badge No. 160, and Reading School District for damages, including punitive damages; and such other relief as the court deems necessary, just, or appropriate.

### COUNT TWO: CIVIL CONSPIRACY
### (42 U.S.C. § 1983)
Plaintiff v. All Defendants

33.     The foregoing averments are repeated.

34. Morar, Police Officer Badge No. 160, or, acting through their agents or employees, the City of Reading reached an understanding with the Reading School District, or its security guards, or both, to deprive Plaintiff of his constitutional rights as described in Count I.

35. The same Defendants acted under color of state law and in furtherance of their conspiratorial object, causing harm to the Plaintiff.

36. Based on the foregoing, Plaintiff is entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff requests the court enter judgment in favor of Plaintiff and against Defendants City of Reading, Cristian Morar, Police Officer Badge No. 160, and Reading School District for damages, including punitive damages; and such other relief as the court deems necessary, just, or appropriate.

**COUNT THREE: FAILURE TO TRAIN**
**(42 U.S.C. § 1983)**
Plaintiff v. Reading and Reading School District

37. The foregoing averments are repeated.

38. Based on the foregoing, the City of Reading and the Reading School District failed to train their respective police officers, security guards, or employees, under circumstances evidencing a reckless indifference to the rights of others, specifically, the right to demonstrate on public property under the First Amendment is not subject to a "Heckler's Veto," that is, "[C]onstitutional rights may not be denied simply because of hostility to their assertion or exercise." Watson v. Memphis, 373 U.S. 526, 535 (1963). Speech and expressive conduct are protected whether it "stirs the public to anger, invites dispute, brings about a condition of unrest, or creates a disturbance." Terminiello v. City of Chicago, 337 U.S. 1, 4 (1949) (quotation omitted).

39. Based on the foregoing, the City of Reading and the Reading School District failed to

train their respective police officers and security guards, under circumstances evidencing a reckless indifference to the rights of others, specifically, there is no community caretaking exception to the warrant requirement under the Fourteenth Amendment of the U.S. Constitution. Grant v. Winik, 948 F. Supp. 2d 48 (E.D. Pa. 2013).

40.	Based on the foregoing, Plaintiff is entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff requests the court enter judgment in favor of Plaintiff and against Defendants City of Reading and Reading School District for damages, including punitive damages; and such other relief as the court deems necessary, just, or appropriate.

**COUNT FOUR: FALSE IMPRISONMENT**
Plaintiff v. Reading, Morar, and Police Officer Badge No. 160

41.	The foregoing averments are repeated.

42.	Based on the foregoing, Defendants City of Reading, Morar, Police Officer Badge No. 160, or any of them, intended to confine Plaintiff within boundaries fixed by Defendants, and by their actions the Defendants directly or indirectly caused the confinement of Plaintiff.

43.	Plaintiff was conscious of, and harmed by, such confinement.

44.	Based on the foregoing, Defendants City of Reading, Morar, Police Officer Badge No. 160, or any of them, created such confinement by asserted legal authority, threats of physical force, and actual or apparent physical barriers by the Reading Police Officers themselves.

**WHEREFORE**, Plaintiff requests the court enter judgment in favor of Plaintiff and against Defendants City of Reading, Cristian Morar, and City of Reading Police Officer Badge No. 160 for damages, including punitive damages; and such other relief as the court deems necessary, just, or appropriate.

Respectfully submitted,

|  |  |
|---|---|
| | **CORNERSTONE LAW FIRM, LLC** |
| Dated: April 20, 2023    By: | *Joel A. Ready* (signature) |
| | Joel A. Ready, Esquire |
| | Attorney I.D. #321966 |
| | 8500 Allentown Pike Suite #3 |
| | Blandon, PA 19510 |
| | (610) 926-7875 |
| | joel@cornerstonelaw.us |
| | *Counsel for Plaintiff* |