IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADEN RUSFELDT, : | |
|        Plaintiff, : | |
| : | |
|     v. : | Civil No. 5:23-cv-01523-JMG |
| : | |
| CITY OF READING, *et al.*, : | |
|        Defendants. : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                         October 25, 2023

## I. INTRODUCTION

Before the Court are two motions to dismiss for failure to state a claim presented by Reading School District, City of Reading, and Officer Cristian Morar. ECF Nos. 9, 15. For the reasons stated herein, the Court finds Plaintiff's Complaint fails to state a claim upon which relief can be granted for Counts II and III. Additionally, the Complaint fails to state a claim in Count I against the Reading School District. Accordingly, the Complaint is dismissed in part without prejudice.

## II. BACKGROUND[1]

Plaintiff, Mr. Rusfeldt, initiated the instant action by filing his complaint with the Court on April 20, 2023 ("the Complaint"). The Complaint contains four counts and names four defendants. The counts include Violations of Constitutional Rights, in violation of 42 U.S.C. § 1983 ("Count I"), Civil Conspiracy, in violation of 42 U.S.C. § 1983 ("Count II"), Failure to Train, in violation of 42 U.S.C. § 1983 ("Count III"), and False Imprisonment ("Count IV").

---

[1] For purposes of the Motion to Dismiss, the Court accepts as true the allegations set forth in Plaintiff's Complaint. *See*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Counts I and II contain allegations against all named defendants. Count III contains allegations against Reading School District ("the District") and the City of Reading ("the City"). Count IV contains allegations against the City, Officer Morar, and Police Officer Badge No. 160. *See generally*, Pl. Complaint, ECF No. 1.

The Complaint alleges that on Tuesday, January 10, 2023, Plaintiff, along with his wife and other persons, assembled for a demonstration on a public sidewalk in the City and across from Reading Senior High School. *Id.* ¶ 11. The demonstrators spoke about their religious viewpoints via written signs and verbal dissemination. *Id.* ¶ 13. During the demonstration, "excitement grew among the students" and one student threw water at Plaintiff. *Id.* ¶ 14. Security guards, employed by the Reading School District, ordered Plaintiff and those among him to "leave or else they would be arrested." *Id.* ¶ 15. After Plaintiff refused, the security guards contacted the Police Department of the City and "requested a pretextual basis for the arrest of [Plaintiff]." *Id.* ¶ 16. The security guards conversed with the students, but "did nothing to protect [Plaintiff]." *Id.* ¶ 17.

Defendants, Officer Morar and Police Officer Badge No. 160, arrived at the scene. *Id.* ¶ 17. Plaintiff informed Defendants that he was exercising his First Amendment rights of speech and religious practice and requested a supervisor be contacted. *Id.* ¶ 19. A supervisor was not contacted, and Officer Morar asked Plaintiff to relocate the demonstration to "three, four, five blocks away from the Reading Senior High School." *Id.* ¶ 20. Plaintiff said that he would do so in "20, 30 minutes" and Officer Morar stated that "he needed to do it now or else [Plaintiff] would be arrested for causing a disturbance, disorderly conduct." *Id.* When Plaintiff refused, Officer Morar placed him in handcuffs. *Id.* Plaintiff was taken to the police barracks but was released without any criminal charges. *Id.* ¶ 23.

The Complaint goes on to make conclusory statements such as "on information and belief, it is the policy of the City, the Reading School District, or either of them, to use disorderly conduct as a pretextual arrest for retaliating against protected speech under the First Amendment of the U.S. Constitution," "on information and belief, [it] is the policy of the City, the Reading School District, or either of them, to instigate, request, or engage in pretextual, warrantless arrests as a means of discriminating or retaliating against the viewpoints of… adherents of evangelical, Protestant Christianity and the Fourth Amendment rights of such adherents," "Morar, Police Officer Badge No. 160, or …the City of Reading reached an understanding with the Reading School District, or its security guards, or both, to deprive Plaintiff of his constitutional rights," Plaintiff states that Defendants acted with a "conspiratorial objective," and "the City of Reading and the Reading School District failed to train their respective police officers, security guards, or employees, under circumstances evidencing a reckless indifference to the rights of others [including the right to demonstrate and speak on public property.]" *Id.* ¶ 24, 25, 34, 35, 38, 39.

### III. LEGAL STANDARD

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing, *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing, *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v.*

*Wheeler*, 639 Fed. Appx. 147, 149 (3d. Cir. 2016) (quoting, *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

## IV.   ANALYSIS
### A.   Violation of Constitutional Rights (Count I)
#### 1.   Allegations Against the School District and the City

Defendants, Reading School District and the City of Reading, contend that Count I of the Complaint should be dismissed, because it falls short of the necessary pleading requirements to state a claim upon which relief may be granted. We agree.

Under 42 U.S.C. §1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects or causes to be subject, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured…" The doctrine of respondeat superior is not a basis for rendering municipalities liable under 42 U.S.C. § 1983, instead Plaintiff must show a policy, custom, statement, ordinance, regulation, or the like to support liability under the statute. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 653, 690-91 (1978).

The alleged custom or policy must go beyond mere conclusory statements. *McTernan v. City of New York*, 564 F.3d 636, 658-59 (3d Cir. 2009). Policy is made when "a decisionmaker possessing final authority to establish a municipal policy with respect to the action issues an official proclamation, policy, or edict." *Id.* A custom is established when "though not authorized by law, 'such practices of state officials [are] so permanently and well-settled' as to virtually constitute law." *Id.*  In addition, custom "requires proof of knowledge and acquiescence by the decisionmaker." *Id.*

Here, Plaintiff's Complaint fails to show any factual allegations that support a conclusion that there was a policy or custom to violate First or Fourth Amendment rights.[2] While Plaintiff asserts that his rights were violated and makes conclusory statements about it being the policy of the City or the District to make pretextual, warrantless arrests, he does not point to any evidence of such a policy or custom. Plaintiff does not point to any proclamation, policy, or edict. Nor does Plaintiff establish any well settled practices. Plaintiff alleges "naked allegations" are all the law requires and he must merely describe the alleged policy. Pl. Brief in Opposition, ECF No. 10 at 4. This is false. More than conclusory allegations and descriptions must be stated, and reasonable factual support must be given for the Complaint to survive a motion to dismiss. The Complaint contains no evidence of past incidents or knowledge by decisionmakers to show a policy or custom. Plaintiff cannot just blindly claim that a policy or custom existed because something happened to him personally. Therefore, these claims are dismissed without prejudice for failure to state a claim.

### 2. Allegations Against Officer Morar

Officer Morar asserts that the First Amendment allegations against him must be dismissed because he merely gave "narrowly tailored instructions" that constituted a "time, place, and manner" regulation. ECF No. 15 at 8-9. The Court disagrees and the claims are not dismissed.

States are permitted to regulate the time, place, and manner of speech and expression if the regulation is content-neutral, narrowly tailored to serve a significant government interest, and the regulation leaves open ample alternative channels of communication. *Frisby v. Schultz*, 487 U.S. 474, 481 (1988). To determine whether a regulation is content neutral, the court must first

---

[2] Because the Court concludes that Plaintiff did not allege a policy or custom, it does not consider whether Defendant's were a moving force behind the alleged injury. See, *Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

determine whether the speech was restricted because of disagreement with the message it conveys. *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989). Then, the court must determine if the regulation is narrowly tailored by determining whether it eliminates no more speech than necessary to eliminate a legitimate concern. *Id.* at 804.

Officer Morar relies primarily on *Fleck v. Trustees of the University of Pennsylvania* to assert that there was no First Amendment violation and just a mere time, place, and manner restriction. *See*, *Fleck v. Trs. Of the Univ. of Pa.*, 995 F.Supp. 2d 390 (E.D.Pa. 2014). In *Fleck*, this Court granted summary judgment and determined there was no First Amendment violation when police officers requested that protestors move away from the immediate entrance to a mosque and relocate down the street. *Id.* 403-404. It was undisputed that the protestors were impeding traffic at the time they were requested to relocate. *Id.* at 396. The Court found that the regulation was content neutral because the officers were just trying to maintain crowd control and were not focused on the content of the speech. *Id.* at 404. The Court also found that complying with the officer's instructions and moving down the street "would not have limited plaintiffs' communication with the growing crowd." *Id.* It was therefore deemed narrowly tailored. *Id.*

Here, the Complaint contains notable differences from the facts of *Fleck*. Plaintiff was not blocking the entrance or exit of the school but was instead standing across the street. While it is undisputed that a crowd formed around and in front of Plaintiff, there are no allegations that traffic was impeded. These facts are sufficient to allege a non-neutral regulation that targeted the content of Plaintiff's speech. In addition, Officer Morar requested that Plaintiff move "three, four, five blocks" away instead of merely down the street. Compliance with this request likely would have limited Plaintiff's communication with the school crowd. It would not have been a narrowly tailored regulation that would have left open ample alternative means of

communication with the target audience. Therefore, the First Amendment allegations against Officer Morar are not dismissed.[3]

### B. Conspiracy (Count II)

Defendants move for dismissal of Count II, because the Complaint fails to establish the existence of a conspiracy. We agree.

To state a claim for conspiracy under § 1983, a plaintiff must establish (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy. *Stief v. Robeson Twp.*, 2021 U.S. Dist. LEXIS 99431, *5 (E.D.Pa. 2021) (quoting, *Rosembert v. Borough of E. Lansdowne*, 14 F. Supp. 3d 631, 647 (E.D. Pa. 2014). The plaintiff must show (1) the period of conspiracy, (2) the object of the conspiracy, and (3) certain actions of the alleged conspirators taken to achieve that purpose. *Id.* (quoting, *Hanklin Fam. P'ship v. Upper Merion Twp.*, No. 01-1622, 2012 U.S. Dist. LEXIS 1467, 2012 WL 43599, at *17 (E.D.Pa. Jan. 6, 2012).

Here, while Plaintiff alleges that Defendants acted "in furtherance of a conspiratorial object," he fails to allege enough facts to establish the existence of a conspiracy. The Complaint alleges that the school district's security guards called the Reading police and requested a pretextual basis to arrest Plaintiff. The Complaint then states that the Reading police responded to the call and eventually arrested Plaintiff. However, the Complaint fails to sufficiently allege the Reading police actually acted in concert with the District. The Complaint merely states Reading police officers responded to the call and eventually arrested Plaintiff. There is not enough factual support for the proposition that there was an agreement to do so as opposed to an independent discretionary determination at the scene. Outside of the conclusory statements about

---

[3] The same analysis would apply to Defendant City of Reading Police Officer Badge Number 160. However, it does not appear that this defendant has been served and has not filed a motion to dismiss.

7

Defendants reaching an understanding or acting in furtherance of a conspiratorial objective, there are no facts that show any kind of agreement beyond the initial call, which does not allege that the Reading police officers agreed to anything. This is not enough to state a plausible claim for relief. Therefore, Count II is dismissed without prejudice.

### C. Failure to Train (Count III)

Defendants, the District and the City, allege Count III should be dismissed for failure to state a claim, as the Complaint does not contain sufficient factual support to show a deliberate and conscious choice. We agree.

To sufficiently plead a failure to train claim under 42 U.S.C. § 1983, a Plaintiff must prove that the failure was a "deliberate" or "conscious" choice by the municipality. *Grant v. Winik*, 948 F.Supp.2d 480, 513 (E.D.Pa. 2013) (citing, *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). This requires "facts showing a deliberate choice to follow a course of action that is made from among various alternatives without regard to the known or obvious consequences." *Id.* The court must "assess the adequacy of the training program in relation to the task the employees must perform." *Id.* at 389-90. When the city's policymakers are on "actual or constructive notice that a particular omission in their training program causes city employees to violate citizen's constitutional rights, the city may be deemed deliberately indifferent if the policy makers choose to retain that program." *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

Here, Plaintiff merely alleges "the City of Reading and the Reading School District failed to train their respective police officers, security guards, or employees, under circumstances evidencing a reckless indifference to the rights of others, specifically, the rights to demonstrate on public property under the First Amendment is not subject to a 'Heckler's Veto,' that is, 'Constitutional rights may not be denied simply because of hostility to their assertion or exercise'…Speech and expressive conduct are protected whether it 'stirs the public to anger,

invites dispute, brings about a condition of unrest, or creates a disturbance.'"[4] ECF No. 1 ¶ 38. Plaintiff bases this conclusion solely off his single experience. While Plaintiff is correct in stating that a policy can be established from one single incident, the Complaint must do more than allege that officers were not trained on particular topics. *See*, ECF No. 10 at 6. Instead, Plaintiff must show a deliberate or conscious choice without regard to the known or obvious consequences. While not necessary, this can be established by showing previous wrongdoing coupled with a failure to remedy. The current complaint fails to meet this threshold and is therefore dismissed without prejudice.[5]

### D. False Imprisonment (Count IV)

Defendants, the City and Officer Morar, move to dismiss Count IV, claiming Plaintiff was not arrested, and if he was, Officer Morar and Police Officer Badge No. 160 had probable cause to arrest. We disagree.

To state a claim for false imprisonment under Pennsylvania law, Plaintiff "must allege unlawful detention brought about by (1) acts intending to confine another within boundaries fixed by another, (2) which directly or indirectly result in confinement, (3) of which the plaintiff is conscious or by which the plaintiff is harmed. *Crespo v. Mars Wrigley Confectionery US, LLC*, 2023 U.S. Dist. LEXIS 86099 (E.D.Pa. 2023). Under the Fourth Amendment to the United States Constitution, "an arrest made without probable cause is a constitutional violation that may

---

[4] Throughout Plaintiff's reply brief, he cites Fed. R. Civ. P. 9(b) for the proposition that a person's mind may be alleged generally. *See*, ECF No. 10 at 6. However, the Complaint lacks factual support to show *the choice* made by the District or the Department. Additionally, Plaintiff cites multiple cases decided prior to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to support his contention that he need only show a "short plain statement," as there is no "heightened pleading standard" under Rule 9(b) for Section 1983 claims. *See*, Pl. Response, ECF No. 16 at 16. This argument is misplaced, as the Complaint must still show a plausible claim for relief.

[5] Defendant, Reading School District, also contends it had "no obligation to train its security guards to respond to events that [did] not occur on District property and [had] no relation to school activities." *See*, District, Motion to Dismiss, ECF No. 9 at 14. Because the Court decides that Plaintiff failed to state a claim upon which relief may be granted, it finds it unnecessary to address this argument.

be redressed under § 1983." *Etzle v. Glova, 2023 U.S. Dist.*, LEXIS 47039 at *21-22 (M.D.Pa. 2023). Plaintiff must demonstrate: "(1) that there was an arrest; and (2) that the arrest was made in the absence of probable cause." *Id.* (citing, *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988).

Defendants, The City and Officer Morar, first dispute that Plaintiff was arrested. They allege that Plaintiff was not arrested, but merely seized. This Court has determined that, "while an arrest may not culminate in a filing of formal charges, a 'common definition of arrest' is the 'lawful taking of a person into custody in order that he may be forthcoming to answer for the commission of an alleged crime." *Williams v. WCAU-TV*, 555 F.Supp. 198, 204 (E.D.Pa. 1983) (quoting, *Miles v. Cmwlth. of PA.*, 304 A.2d 704, 707 (1973)). Here, it is clear from the Complaint that Plaintiff was taken into custody after the police officers alleged he disturbed the peace. In fact, he was physically handcuffed and brought to the police station. This goes beyond a mere detention and therefore, it is clear the Complaint sets forth an arrest.

Defendants attempt to compare this situation to the facts in *Grant v. City of Philadelphia*, where the court determined there was no arrest after plaintiff was placed in handcuffs for thirty minutes after creating a loud disturbance. *Grant v. City of Philadelphia*, 637 F.Supp. 3d 247, 259 (E.D.Pa 2022). However, in *Grant*, the plaintiff was not physically taken to a police station, was detained only to confirm his identity, and was released once the investigation was complete. *Id.* Here, the Complaint alleges that Plaintiff was handcuffed, taken into physical custody in the back of a police car, and taken to police barracks. This case is clearly distinguishable from *Grant*. For the purposes of the Motion to Dismiss, Plaintiff has adequately established that he was arrested.

Defendants next contend that even if Plaintiff was arrested, the police officers acted with probable cause. Probable cause "exists when the 'facts and circumstances within the officer's knowledge…are sufficient to warrant a prudent person, or one of reasonable caution, in

believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Id.* at 260. (quoting, *Johnson v. Campbell*, 332 F.3d 199, 211 (3d Cir. 2003). Based on the facts alleged in the Complaint, Plaintiff was merely speaking and holding written signs when the scene turned hostile. A prudent person would not conclude that Plaintiff was committing or was about to commit an offense based off the facts in the Complaint. Therefore, for the purposes of this Motion to Dismiss, the Count IV is not dismissed.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss (ECF Nos. 9, 15) are **GRANTED** in part. Claims in Count I regarding Reading School District and the City of Reading are **DISMISSED WITHOUT PREJUDICE**. Counts II and III of Plaintiff's Complaint are **DISMISSED WITHOUT PREJUDICE**. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge